UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
(Chicago)

| | |
|---|---|
| IN RE:    DOUGLAS E. LITOWITZ,<br><br>Debtor. | Case No.   18-00515<br><br>Chapter 7 |
| FIRST NATIONAL BANK OF OMAHA,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS E. LITOWITZ,<br><br>Defendant. | **COMPLAINT SEEKING EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C. §523 (a) (2) (C) AND/OR §523 (a) (2) (A)**<br><br>A.P. No. 18-ap-_____.<br><br>Hon. Judge Goldgar |

The Plaintiff, First National Bank of Omaha, by and through its attorney, and for its Complaint against the Defendant, avers and alleges as follows:

### I. Parties and Jurisdiction

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334 and §157.
2. This matter is a core proceeding pursuant to 28 U.S.C. §157.
3. The Defendant filed a Petition, and an Order for Relief was entered under 11 U.S.C Chapter 7 on January 8, 2018.
4. The Plaintiff is a named creditor in the above referenced bankruptcy proceeding and is objecting to the discharge of debts in this bankruptcy.

### II. Facts and Background

5. The Defendant, Douglas E. Litowitz, was issued a credit card account by First National Bank of Omaha, number xxxx-xxxx-xxxx-3263, which account was opened on January 27, 2015.
6. On November 7, 2017, the Defendant was not using the Account that often and the Account was in good standing with a balance on the account was $6,295.03.
7. Between November 7, 2017 and December 17, 2017, the Defendant made charges on the Account totaling $3,960.01.

8. The Defendant's charges during this period, included, but were not limited to:
   a) Cash Advances in the amounts of $1,500.00 and $600.00;
   b) A charge to BLS in the amount of $314.10;
   c) A charge to Hotwire Sales in the amount of $371.65; and
   d) A charge to American Airlines in the amount of $253.74.

   *See* Copies of the Account Statements attached hereto as Exhibit A.

9. Prior to the above charging the Defendant went several months rarely using the Account.

10. Given the Defendant's monthly income, monthly living expenses, and circumstances as set forth in his sworn Schedules and sworn Statement of Financial Affairs, at the time the Defendant incurred the abovementioned $3,960.01 in charges, the Defendant's monthly disposable income was not sufficient to pay for these transactions pursuant to the terms and conditions associated with the account.

### III. First Cause of Action

11. Paragraphs 1 through 10 are hereby repeated and incorporated as if fully set forth herein.

12. The Defendant made approximately $3,960.01 in purchases on the abovementioned account within 90 days of filing bankruptcy.

13. To the extent that the Defendant incurred luxury good purchases or services aggregating more than $675.00 within ninety days of filing this Chapter 7 bankruptcy, said luxury good purchases or services are presumed nondischargeable pursuant to 11 U.S.C. §523 (a) (2) (C)(i).

14. Based on the location, frequency, and change in spending, the charges made during the 90-day period appear to be for luxury and/or non-necessity type goods or services.

15. Upon information and belief, the $3,960.01 in charges made during the 90-day period were for luxury and/or non-necessity type goods or services and should not be discharged.

16. Cash Advances in excess of $925.00 within 90 days of filing bankruptcy are also presumed to be nondischargeable.

17. Based on the foregoing, the charges incurred for luxury goods or services over $675.00 and Cash Advances in excess of $925.00 are non-dischargeable pursuant to 11 U.S.C. §523 (a) (2) (C).

### IV. Second Cause of Action

18. Paragraphs 1 through 17 are hereby repeated and incorporated as if fully set forth herein.

19. Pursuant to the account agreement, the Defendant agreed to repay Plaintiff for the charges on the account by using the card and represented that he had the ability to repay for the charges.

20. When the Defendant made the $3,960.01 in charges on these account, the Defendant represented that he had the intention to repay said debt to the Plaintiff pursuant to the terms of the account agreement and by use of the card.

21. The account statements are marked Exhibit A and attached hereto.

22. The Plaintiff relied upon the Defendant's representations of intent to repay the Plaintiff pursuant to the terms of the account agreement and representations of agreement to abide by the terms of the account agreement in allowing the Defendant to use the account and incur the $4,236.06 in charges on the Account, as set forth in Exhibit A, attached hereto.

23. Although the Defendant knew or should have known that he would not be able to repay Plaintiff for these charges, the Defendant maxed out the credit card in less than two weeks and never made a valid payment on the Account.

24. The Defendant made large, unnecessary transactions in a short amount of time and never made a single payment on the Account while it was opened.

25. The Defendant charged excessively during a short period of time just prior to filing bankruptcy.

26. The Defendant either deliberately intended to deceive Plaintiff or acted recklessly with regard to his ability to pay Plaintiff for the $3,960.01 in transactions.

27. The Plaintiff monitored the Defendant's card activity and credit worthiness on a monthly basis and there were no indications and/or "red flags" indicating that Defendant would not repay Plaintiff for these charges.

28. The Plaintiff was justified in its reliance upon the Defendant's representations of intent to repay the Plaintiff pursuant to the terms of the account agreement and representations of agreement to abide by the terms of the account agreement.

29. The Defendant incurred the abovementioned $3,960.01 in charges on the Plaintiff's accounts at a time when the Defendant was unable to meet his existing financial obligations as they became due.

30. Based upon the above, at the time the Defendant incurred the abovementioned $3,960.01 in charges, the Defendant intended to deceive the Plaintiff in that he either had no intention to repay said debt to the Plaintiff pursuant to the terms of the account agreement or the Defendants knew or should have known that he had no ability to repay said debt to the Plaintiff.

31. Based upon the above, at the time the Defendant incurred the abovementioned $3,960.01 in charges, the Defendant deceived the Plaintiff in that he made such representations of intent to repay the Plaintiff pursuant to the terms of the account agreement and representations of agreement with knowledge that the Defendant was unable to repay Plaintiff or to abide by the terms of the account agreement with a reckless disregard as to the truthfulness of said representations.

32. Therefore, the Defendant obtained said money from the Plaintiff by false pretenses, false representation, or actual fraud, and at the time of filing, the debt owed to the plaintiff was in the amount of $3,960.01 and for the above reasons, this indebtedness to Plaintiff, First National Bank of Omaha, is nondischargeable in bankruptcy pursuant to 11 U.S.C. §523 (a) (2) (A).

## VI. Prayer for Relief

**WHEREFORE,** Plaintiff, First National Bank of Omaha, respectfully prays that this Court:

A. Determine that the Defendant's indebtedness to the Plaintiff is an exception to discharge pursuant to 11 U.S.C. §523 (a) (2) (C) and/or §523 (a) (2) (A).

B. Grant judgment to the Plaintiff, First National Bank of Omaha, against the Defendant, Douglas Litowitz, the amount of $3,960.01 plus the $350.00 Adversary Proceeding filing fee, for a total of $4,310.01, plus the Plaintiff's other costs and disbursements incurred for the collection of this debt and of this action as permitted by applicable law, and

C. Grant the Plaintiff such other and further relief as to this Court seems just and proper.

Dated:

FIRST NATIONAL BANK OF OMAHA

/s/Amy A. Aronson

Amy A. Aronson
Aronson & Walsh, PC
PO Box 5907
Vernon Hills, IL 60061
phone: 847-247-1810
amyaronson@comast.net

Attorneys for Plaintiff